**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| Center for Biological Diversity, et al.,<br><br>    Petitioners<br><br>                      v.<br><br>Environmental Protection Agency,<br><br>    Respondent<br><br>Bayer CropScience LP, Syngenta Crop Protection LLC, and Dow AgroSciences LLC,<br><br>    Intervenors for Respondent | No. 15-1054<br>(and consolidated cases:<br>15-1176, 15-1389,<br>15-1462, 16-1351) |

**ORDER**

Upon consideration of the parties' joint motion for order on consent, it is

ORDERED that the motion be granted. The current briefing schedule (Doc. 1876923) is vacated and these consolidated cases shall be held in abeyance pending further order of the Court. The following schedule for further administrative proceedings to be undertaken by Environmental Protection Agency ("EPA") will apply in these cases:

        A.    By **August 13, 2021**, EPA will complete a final effects determination and request initiation of any necessary Endangered Species Act ("ESA") consultation pursuant to 50 C.F.R. § 402 on the potential effects on threatened and endangered species protected under the ESA ("ESA Listed Species") and designated critical habitats of any use of cuprous iodide that is

approved for sale and distribution as of that date. EPA has no deadline to complete an effects determination for uses of cuprous iodide that are not approved for sale and distribution;

      B.    By **September 30, 2025**, EPA will prepare final Biological Evaluations on the potential effects on ESA Listed Species and designated critical habitats of two of the following four pesticide active ingredients identified in these petitions for review: flupyradifurone, bicyclopyrone, benzovindiflupyr, or halauxifen-methyl. EPA retains full discretion to select what two active ingredients among these four to analyze in Biological Evaluations by September 30, 2025.

      C.    By **September 30, 2027**, EPA will prepare final Biological Evaluations on the potential effects on ESA Listed Species and designated critical habitats of the two remaining pesticide active ingredients identified in Paragraph B not already analyzed.

      D.    If any active ingredient or product identified in Paragraph B is no longer registered, then it is exempt from the requirements of Paragraph B and C.

      E.    If EPA releases a draft Biological Evaluation for any active ingredient identified in Paragraph B for public comment, per its policies, and EPA extends the 60-day public comment period for that draft Biological Evaluation, the deadline for EPA to prepare the corresponding final Biological Evaluation for that active ingredient will be extended by the same number of days as EPA's extension of the public comment period but not to exceed 60 days. If such an extension occurs for a Biological Evaluation completed under the terms of Paragraph B, the deadlines for final Biological Evaluations identified in Paragraph C will be extended by the same number of days but shall not exceed 60 days from the deadline in Paragraph C.

      F.    No later than 90 days prior to the commitment to complete the Biological Evaluations identified in Paragraphs B and C, EPA shall provide a status report to the Court and other Parties on its progress toward completing those Biological Evaluations and whether it expects to meet that commitment.

      G.    If EPA determines that further consultation is necessary for any active ingredient identified in Paragraph B, then it will initiate such consultation within fourteen business days of issuing the Biological Evaluation analyzing that active ingredient.

  H. EPA will provide notice to Petitioners upon completion of each commitment specified in Paragraphs A, B, C, and (if applicable) G.

  I. The Parties may extend or modify the deadlines set forth above by written stipulation executed by counsel for all parties and filed with the Court. If the parties are unable to agree, and EPA still seeks to modify a deadline, EPA shall move the Court to modify the deadline.

  J. Petitioners will file a motion for voluntary dismissal of each individual petition for review within 5 business days of (1) EPA's notice as described in Paragraph H or (2) the Court's order resolving any motion for attorneys' fees and costs, whichever occurs later.

The Court will retain jurisdiction over each petition for review to enforce the terms of its order and to resolve any motion for attorneys' fees and costs of litigation. No Party shall institute a proceeding for contempt of court unless EPA is in violation of a separate order of the Court resolving a motion to enforce the deadlines set forth above. Petitioners reserve the right to move the Court for interim measures regarding the use of pesticide active ingredients in these Petitions or products containing those active ingredients, including injunctive relief, to prevent harm to ESA Listed Species. EPA and Intervenors for Respondent do not agree that Petitioners are entitled to seek any such interim measures or injunctive relief, reserve all rights to oppose any such request, and reserve all defenses to such a motion. After entry of this Order, Petitioners may file a motion seeking attorneys' fees and litigation costs from EPA, and EPA reserves the right to assert any and all defenses it may have in response to that request.